### In re MURRAY INDUSTRIES, INC., et al., Debtors.

**Bankruptcy Nos. 88–7473–8P1 through 88–7488–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 5, 1990.

Harry Bruns, Murray Industries, Sarasota, Fla., John K. Olson and Anthony Woodard, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, Fla., for debtors.

Patrick Patrissi, Miami, Fla., for movant Aristech Chemical & Ferro Corp.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

Robert B. Glenn, Tampa, Fla., for Unsecured Creditors' Committee.

## ORDER ON JOINT MOTION OF THE FERRO CORPORATION AND ARISTECH CHEMICAL CORPORATION FOR RECONSIDERATION OF ORDER ON MOTION FOR AUTHORIZATION TO FILE LATE OBJECTION AND COUNTERCLAIM AND ON MOTION FOR RULE 9011 SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration, ex parte, upon the Joint Motion of the Ferro Corporation (Ferro) and Aristech Chemical Corporation (Aristech) for Reconsideration of this Court's Order of August 22, 1990. This Order granted the Debtors' Motion for Authorization To File a Late Objection and Counterclaim to the proof of claim filed by Ferro in the above-captioned substantively consolidated Chapter 11 cases. In addition, Ferro and Aristech also seek sanctions against the counsel for the Debtors. The Court has considered the Motion, together with the record, and has heard argument of counsel, and now finds and concludes as follows:

A review of the record indicates that this Court entered an Order and fixed July 25, 1990, as the deadline for the Debtors to file objections to claims. On August 6, 1990, the Debtors filed a Motion for Authority To File Late Objection and Counterclaim to the proof of claim filed by Ferro Corporation. In the Motion, the Debtors stated that as of July 10, 1990, Debtors were unaware of the fact that they had a valid counterclaim against Ferro. This Motion was signed by Anthony Woodward for Harry E. Bruns of the law firm of Sterns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A.

It appears from the record that in March 1986, the Debtors filed a claim against Ferro Corporation in the Circuit Court for Manatee County. The claim is nearly identical to the counterclaim the

Debtors currently assert against Ferro Corporation. Further, on June 12, 1990, Aristech served a Motion To Dismiss and for Abstention and for Relief from Stay against these Debtors. Included as an attachment to the Motion was the Debtors' state court counterclaim against Ferro. Clearly, the Debtors' statement that they were unaware of counterclaims against Ferro as of July 10, 1990, was not true.

Bankruptcy Rule 9011 provides in pertinent part that all motions must be based upon information formed after reasonable inquiry and must be "well grounded in fact." It is clear that the Debtors' statement in the Motion for Authorization To File Late Objection and Counterclaim against the Ferro Corporation does not meet this standard. Bankruptcy Rule 9011 further provides in pertinent part that

> ... If a document is signed in violation of this Rule, the court ... shall impose on the person who signed it ... an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

A minimal, factual inquiry and cursory legal investigation may result in the imposition of sanctions. *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984 (4th Cir.1987). It is difficult to accept the proposition that the Debtor was unaware of its possible counterclaim against Ferro in light of the fact that the Debtor has been litigating this very claim with Ferro in the Circuit Court for Manatee County since March, 1986. In addition, when Aristech filed its Motion To Dismiss and for Abstention and for Relief from Stay, the pendency of the litigation with Ferro in the state circuit court was clearly brought out. Even a cursory investigation of the relevant facts should have made the Debtor aware of the pendency of its claim against Ferro. Regardless of whether counsel for the Debtors stated that he was unaware of any valid counterclaims against Ferro as of July 10, 1990, willfully and knowingly, although without basis, or whether he failed to conduct a reasonable inquiry to ascertain the true facts, the certification by counsel clearly violated Bankruptcy Rule 9011.

This leaves for consideration whether it is proper to impose sanctions for violation of Bankruptcy Rule 9011 on the law firm or only on the attorney who actually signed the document. This Court is satisfied that Rule 11 does not authorize imposition of sanctions against a law firm because the phrase "person who signed" in Rule 11 refers only to the individual signer. *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). Thus, sanctions must be imposed against Anthony Woodward, but not against Harry E. Bruns or Sterns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of Order granting Motion for Authorization To File Objection and Counterclaim be, and the same is hereby, granted, and this Court's Order of August 22, 1990, which granted the Debtors' Motion To File a Late Objection and Counterclaim to Ferro Corporation's proof of claim be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED AND DECREED that the Joint Motion of Ferro Corporation and Aristech Chemical Corporation for Rule 9011 Sanctions be, and the same is hereby, granted, and sanctions shall be imposed on Anthony Woodward pursuant to Bankruptcy Rule 9011. It is further

ORDERED, ADJUDGED AND DECREED that the amount of sanctions shall be determined with notice and hearing after receipt of an itemized schedule of the services rendered and costs incurred by them, copy of which shall be served on Anthony Woodward. It is further

ORDERED, ADJUDGED AND DECREED unless a written objection is interposed to the amount sought, the Court will enter an Order ex-parte fixing the amount of the sanctions. It is further

ORDERED, ADJUDGED AND DE-CREED in the event there is an objection to the amount sought, the matter shall be scheduled for hearing with notice.

DONE AND ORDERED.